```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

JAMES MCKEEVER and LUCILLE MCKEEVER,

                    Plaintiffs,

vs.                            Case No. 2:06-cv-114-FtM-99DNF

STATE FARM & CASUALTY COMPANY,

                    Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Judgment on the Pleadings with Incorporated Memorandum of Law (Doc. #13) filed on May 4, 2006. Defendant State Farm & Casualty Company filed its Response on May 15, 2006. (Doc. #14.)

### I.

According to the Complaint, plaintiffs James and Lucille McKeever entered into an agreement with defendant State Farm Fire and Casualty Company. The agreement provides that in exchange for plaintiffs' premium payments, defendant would provide flood insurance under the terms of the National Flood Insurance Act of 1968 and its amendments, and Title 44 of the Code of Federal Regulations. Defendant issued to plaintiffs a Standard Flood Insurance Policy bearing policy no. 98-SF-5518-9 for plaintiffs' property at the relevant time.

The Complaint alleges that on September 17, 2005, plaintiffs' property sustained flood damage to a "structure necessary to support a building," and that such loss and the resulting clean-up expenses were covered under the policy. The Complaint further alleges that plaintiffs filed a timely claim for the policy benefits. On December 12, 2005, defendant denied the claim. After plaintiffs appealed the denial of the claim, defendant affirmed its denial on March 1, 2006. Plaintiffs then filed a one-count Complaint alleging a wrongful denial claim pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq*. Defendant filed its Answer and Affirmative Defenses on April 13, 2006. (Doc. #11.) Plaintiffs then moved for judgment on the pleadings.

**II.**

"Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Andrx Pharms., Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1232-33 (11th Cir. 2005). When reviewing a motion for judgment on the pleadings, the court must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). The pleadings considered by the court on a motion for judgment on the pleadings include the complaint,

answers, counterclaim, and cross-claim, if any.  See Santmyer v. Prudential Ins. Co. of Am., 761 F. Supp. 114, 117 (M.D. Fla. 1991).

### III.

Plaintiffs contend that the Court should enter judgment in their favor.  Plaintiffs argue that because the policy's language included coverage for damage to their property's seawall, defendant wrongfully denied the claim.  Defendant opposes the motion, and responds that genuine issues of material fact exist which preclude granting plaintiffs' motion for judgment on the pleadings.  The Court agrees with defendant.

Under Florida law, "[w]hat will constitute a breach of contract is a matter of law to be determined by the court, and whether or not that has occurred which would constitute a breach of contract is a matter of fact to be determined by [the factfinder at trial]."  Gulf Am. Land Corp. v. Wain, 166 So. 2d 763, 764 (Fla. 3d DCA 1964)(quoting Winter Garden Citrus Growers Ass'n v. Willits, 151 So. 509, 511 (Fla. 1934)).  The Court finds that judgment on the pleadings is not appropriate because defendant raises several genuine issues of material fact.  Defendant correctly asserts that factual disputes exist as to the timeliness of the notice of loss, the actual filing of the required proof of loss, and the cause of damage to the subject property.  Because material factual disputes exist, the Court concludes that plaintiffs' Motion for Judgment on the Pleadings is due to be denied.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Judgment on the Pleadings (Doc. #13) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   30th   day of October, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record